UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY HEALTHCARE SYSTEMS, L.C., d/b/a TULANE UNIVERSITY HOSPITAL AND CLINIC,<br><br>Defendant. | CIVIL ACTION NO.<br><br><br>COMPLAINT<br><br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Germaine B. Seals ("Ms. Seals"), who was adversely affected by such practices. This suit is also brought to effectuate appropriate injunctive relief to others who may have been adversely affected by Defendant's discriminatory practices, and to prevent further occurrence of such practices.

As alleged with greater particularity in the Statement of Claims below, Defendant discriminated against Ms. Seals when it failed to provide her with a reasonable accommodation for her actual disability (Stage 3C colon cancer), and terminated her employment because of her

- 1 -

disability, in violation of the ADA. Further, Defendant's failure to provide leave as an accommodation may affect a class of disabled individuals in violation of the ADA.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f) (1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant University Healthcare System, L.C., d/b/a Tulane University Hospital and Clinic ("Defendant" or "Tulane"), has continuously been a limited

liability company organized under the laws of the State of Louisiana, doing business within the State of Louisiana, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6.

At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**STATEMENT OF CLAIMS**

7.

At least since October 2009, Defendant has engaged in conduct in New Orleans, Louisiana which violates the ADA.

8.

More than thirty (30) days prior to the institution of this lawsuit, Ms. Seals filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.

Ms. Seals has at all times relevant been a qualified individual with a disability within the meaning of the ADA.

10.

Ms. Seals has Stage 3C colon cancer.  Her cancer substantially limits normal cell growth. Ms. Seals had extensive surgery and received six months of intense chemotherapy.  Due to low blood count caused by the cancer and related treatment and the effect of her cancer on her lymph nodes, Ms. Seals was further substantially limited in additional major life activities, such as interacting with others.  Accordingly, Ms. Seals is disabled within the meaning of the ADA, due to her cancer and related treatment, which has substantially limited -- and continues to substantially limit -- Ms. Seals in one or more major life activities and/or in her bodily functions.

11.

Ms. Seals worked intermittently for Defendant from 1988 to 2005 as a registered nurse (RN), until Hurricane Katrina forced her to relocate to Texas.  Ms. Seals returned to New Orleans and was rehired by Defendant in December 2007 as a Staff RN in their Progressive Care Unit (PCU).  In April 2008, the PCU closed and Ms. Seals asked to transfer to the Intensive Care Unit (ICU), where Ms. Seals was responsible for providing "direct patient care at the bedside," which includes frequent contact with the patients and their families, and frequent lifting up to 50 pounds to assist the patients.

12.

In January 2009, Ms. Seals began having stomach cramps and sought medical treatment from one of Tulane's physicians.  In July 2009, Ms. Seals was diagnosed with Stage 3 colon cancer, requiring extensive surgery and intense chemotherapy.  At this time, Ms. Seals requested and was granted leave under the Family and Medical Leave Act (FMLA), until October 2009.

13.

Defendant was at all times aware of Ms. Seals' disability.  On October 12, 2009, Ms. Seals met with her supervisors to discuss her FMLA leave, which was about to expire.  Ms. Seals informed her supervisors that she had not been released from her doctor to return to work because she had recently begun a six-month biweekly chemotherapy treatment, and the doctor wanted to limit Ms. Seals' contact with the patients and the heavy lifting.  In response, Ms. Seals' supervisors informed her that she could be placed on General Medical Leave (GML) for three months, "to see if she could come back to work."  The supervisors informed Ms. Seals that although the GML protected Ms. Seals from separation, it did not guarantee that her position would be available upon her return.  Further, if Ms. Seals did not return to work before the GML was exhausted, she would be terminated.

14.

On October 15, 2009, Ms. Seals submitted a written request asking that her position be "temporarily altered, restructuring her work duties and schedule to a qualifying vacant position with advice/approval of her physicians with limitations of lifting and patient contact due to my medical condition" as a reasonable accommodation.

15.

On October 21, 2009, Ms. Seals sent an email to her supervisors (copying the HR Director) asking that her ICU Staff RN position be restructured as a reasonable accommodation, which would have allowed her to return to work.  Within hours of receipt of the request, Ms. Seals' supervisors informed her that all RN positions under their supervision required frequent patient contact and lifting, thus they could not think of any reasonable accommodation.  The

supervisors informed Ms. Seals they would keep her on GML until she was released by a physician to return to work "in a manner they could accommodate."

16.

On October 22, 2009, Ms. Seals' physician signed a release which stated that she "may return to fulltime workplace duties with the following restrictions: light lifting and limited patient contact." Ms. Seals' supervisors did not have any further discussions with her regarding the doctor's release, and did not seek any clarification from the doctor who worked for Tulane.

17.

After being told her position could not be restructured, Ms. Seals began searching online at Tulane's job placement office and in the local newspaper for any Tulane Hospital job posting which would allow her to return to work with her limitations. From her search efforts, Ms. Seals identified three vacant Tulane positions (Charge Master, Case Manager, Charge Auditor/Charge Reviewer) which would have accommodated her need for limited patient contact and limited lifting.

18.

Ms. Seals informed Tulane's HR Director that she wanted to apply for each of these positions, but was told that she could not apply for any of these positions because she had "too many limitations and these positions could not be restructured to accommodate her limitations." Even after Ms. Seals informed the HR Director that the positions would not have to be restructured to meet her limitations, Ms. Seals was told the positions were not available. Tulane did not engage in any interactive discussion with Ms. Seals to determine if the duties of these vacant positions could be accommodated to allow Ms. Seals to return to work.

19.

In April 2008, Tulane accommodated Ms. Seals by allowing her to perform the duties of the Charge Auditor (which is also called Charge Reviewer) position, due to an on the job injury. However, in October 2009, Ms. Seals' supervisor informed HR that she could not accommodate Ms. Seals as "this is not work related."

20.

In January 2010, Ms. Seals' GML expired.  Because she was unable to perform the essential functions of her original position and because Tulane refused to provide her with additional leave and/or reassign her to several vacant positions, Ms. Seals was informed that she would be terminated.  Ms. Seals then requested that she be given additional paid or unpaid leave as an accommodation to allow her to remain employed while she completed her cancer treatment.  Tulane did not consider her request.

21.

On or about January 31, 2010, Defendant terminated Ms. Seals' employment because of her disability [see 42 U.S.C. § 12102(2)], although at the time of her termination, Ms. Seals was able to perform the essential functions of other vacant positions without accommodation, and had sought additional leave.  Defendant's actions violated 42 U.S.C. § 12112(a).

22.

Defendant failed to reasonably accommodate Ms. Seals' disability, in violation of 42 U.S.C. § 12112(a) and 42 U.S.C. § 12112(b) (5).

23.

The practices complained of herein have deprived Ms. Seals of equal employment opportunities, by denying her a job because of her disability.

24.

The unlawful employment practices complained of herein were, and continue to be, committed with malice or with reckless indifference to Ms. Seals' federally protected rights.

25.

Tulane's failure to allow exceptions to its policy of separating employees because they have exhausted their FMLA and GML without engaging in an individualized inquiry to determine if additional leave can be a reasonable accommodation denies qualified individuals with disabilities reasonable accommodations in violation of 42 U.S.C.§12112(b)(5) of the ADA.

26.

The unlawful practices of Defendant complained of herein have violated the rights of affected persons protected under the ADA.

27.

The unlawful employment practices complained of herein were intentional.

28.

The unlawful employment practices complained of herein have caused Ms. Seals to suffer economic injuries, including but not limited to lost wages, as well as nonpecuniary injuries.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to accommodate and from illegally terminating individuals who are "disabled" within the meaning of the ADA, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including allowing disabled employees to use leave as a reasonable accommodation.

C. Order Defendant to make whole Ms. Seals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to reinstate Ms. Seals or to make her whole by providing her with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

E. Order Defendant to make whole Ms. Seals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make whole Ms. Seals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial.

G. Order Defendant to pay Ms. Seals punitive damages for its malicious and reckless conduct, as described hereinabove, in amounts to be determined at trial.

H. Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888

        Equal Employment Opportunity Commission
Houston District Office
1201 Louisiana Street, 6th Floor
Houston, Texas, 77002
Direct Line: (713) 651-4963
Email: james.sacher@eeoc.gov

**GREGORY T. JUGE**
Supervisory Trial Attorney (Acting)
La. Bar Roll No. 20890
Direct Line: (504) 595-2877
Email: gregory.juge@eeoc.gov


/s/Michelle T. Butler
**MICHELLE T. BUTLER (T.A.)**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street, Suite 1900
New Orleans, LA  70112
Telephone:     (504) 595-2870 (Main#)
Direct line:     (504) 595-5272 (Butler) (TA)
Fax:     (504) 595-2886
Email: michelle.butler@eeoc.gov
**COUNSEL FOR PLAINTIFF,**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

REGISTERED AGENT FOR
SERVICE OF PROCESS:

CT CORPORATION SYSTEM
5615 Corporate Blvd., Ste 400B
Baton Rouge, LA. 70808

.