**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,** | § § § § | |
| **VERSUS** | § § § | **C.A. NO 2:13-cv-05982** |
| **UNIVERSITY HEALTHCARE SYSTEMS, L.C., d/b/a TULANE UNIVERSITY HOSPITAL AND CLINIC Defendant.** | § § § § § | **JUDGE SARAH VANCE** <br> **MAGISTRATE JUDGE SHUSHAN** |

---

**CONSENT DECREE**

1. Plaintiff, the United States Equal Employment Opportunity Commission ("Plaintiff" "EEOC" or "the Commission") filed this action on September 30, 2013 in the United States District Court for the Eastern District of Louisiana, charging University Healthcare Systems, L.C. d/b/a Tulane University Hospital and Clinic ("UHS-TULANE" or "Defendant"), with violations of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et. seq.* ("ADA"). EEOC's complaint alleged that Defendant engaged in unlawful employment practices when it failed to provide a reasonable accommodation to Charging Party Germaine B. Seals ("Seals") due to her disability and terminated her employment because of her disability in violation of the ADA. Further, EEOC's complaint concerned Defendant's failure to provide extended leave as an accommodation and its effect on a class of disabled individuals in violation of the ADA.

2. This suit was brought to provide make whole relief for charging party Germaine Seals. It was also brought to achieve appropriate injunctive relief for Ms. Seals and others who claim to have been and who have been adversely affected by Defendant's purported discriminatory practice, relating to the denial of extended medical leave when it is a reasonable accommodation and to enjoin future occurrences of this practice.
3. Defendant has not admitted and specifically denies that it has engaged in any unlawful employment practices, with regard to Ms. Seals or a class of individuals;
4. The Commission and UHS-TULANE (the "Parties") have agreed to settle this matter for the relief specified in this Consent Decree;
5. The Parties now wish to resolve all claims and controversies encompassed by or which could have been brought in this lawsuit without burden, expense or delay of further litigation;

## JURISDICTION

6. This Court has jurisdiction over the parties and the subject matter of this action.

## FINDINGS

7. The terms of this Consent Decree were reached by a process of negotiation and compromise. The parties agree the terms of this Consent Decree represent the result of good faith negotiations by both parties.

## SCOPE

8. The negotiation, execution and entry of this Consent Decree will resolve any and all claims brought or which could have been brought by the Commission against the Defendant UHS-TULANE arising out of EEOC Charge Number 846-2010-33554 and the instant action.

9. Neither the negotiation, the execution, nor the entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by UHS-TULANE that its officers, agents or employees have violated or have not been in compliance with the ADA or any other applicable law, regulation or order.

Therefore, it is **ORDERED, ADJUDGED, AND DECREED** that:

**INDIVIDUAL RELIEF FOR CHARGING PARTY**

10. **File Purge:** Defendant will segregate and keep confidential any and all documents and entries in Germaine Seals' personnel file relating to the facts and circumstances which concern or may have led to the filing of Seals' EEOC Charge Number 846-2010-33554, allegations of disability discrimination and the related events that occurred thereafter, including the filing of this lawsuit.

11. **Job Reference:** Defendant will provide Germaine Seals with the same job reference process provided to all former employees. Seals will advise all potential employers seeking information regarding her UHS-TULANE employment to call UHS-TULANE's Human Resources Department for job references. UHS-TULANE's Human Resources Department will forward the request to a third party vendor, currently TNT Reference Check, Inc. UHS-TULANE shall not provide TNT Reference Check, Inc., and/or any other company handling requests for references at its behest (hereafter collectively known as TNT Reference Check, Inc.) with any information concerning Germaine Seals which would indicate that she brought a discrimination charge or claim against UHS-TULANE, that the EEOC filed suit against UHS-TULANE based on the aforesaid charge and/or that UHS-TULANE denied the allegations in her Charge and in the instant EEOC lawsuit. UHS-TULANE shall instruct TNT Reference Check, Inc., that whenever

potential employers for job references contact it concerning the charging party, TNT Reference Check, Inc., will only provide the following information: her job title, the date range of her employment at UHS-Tulane and that she is eligible for rehire. If during the term of the Consent Decree, TNT Reference Check, Inc. no longer provides the foregoing reference service, UHS-TULANE will assure that the foregoing safeguards be implemented.

12. **Monetary Relief:** Within twenty (20) days after the entry of this Consent Decree the Defendant shall pay the sum **FIFTY THOUSAND ($50,000**) **DOLLARS** to Charging Party Germaine Seals for claims that were raised in Commission Charge Number 846-2010-33554 and this lawsuit. Twenty (20%) of the total amount, **TEN THOUSAND ($10,000) DOLLARS,** will be considered back pay. Appropriate taxes, deductions and withholdings shall be withheld only from that portion of the settlement sum that is attributed as a back pay loss and an IRS Form W-2 will be issued for those funds. Eighty (80%) of the total amount, **FORTY THOUSAND ($40,000) DOLLARS,** will be considered compensatory damages for emotional distress and inconvenience (as well as attributed interest). Defendant will issue an IRS Form 1099 to Ms. Seals for the amount designated by EEOC as compensatory damages.

13. **Distribution of Funds:** Defendant shall issue two settlement checks made payable to the order of "Germaine B. Seals**"** Along with the checks, Defendant shall provide her with a separate statement itemizing all applicable local, state and federal withholding taxes withheld from the amount designated as back pay. The checks will be delivered by certified mail or by express delivery to the attention of Germaine Seals at the following address: 4928 Desire Drive, New Orleans, Louisiana, 70126-3536. Contingent upon the

anticipated settlement of the instant suit, at least seven (7) days prior to payment and prior to submitting the proposed Consent Decree for review by the Court, Ms. Seals and UHS-TULANE will execute a separate settlement agreement releasing each other from any and all claims brought or that could be brought by either Ms. Seals or UHS-TULANE in connection with Ms. Seals' employment or termination from UHS-Tulane as alleged in EEOC Charge Number 846-2010-33554 and the lawsuit herein. The afore-referenced settlement agreement executed by Ms. Seals will be held in trust by the EEOC until Ms. Seals has deposited the settlement checks at which time the signed agreement will be provided to UHS- TULANE's counsel. Within two days of distributing the settlement checks to Ms. Seals, the Defendant shall provide EEOC's Senior Trial Attorney Michelle T. Butler or her designee (hereafter "the EEOC's Designated Attorney") a copy of each of the checks distributed to Ms. Seals.

**INJUNCTION AGAINST DISABILITY DISCRIMINATION**

14. Defendant, its directors, officers, agents, employees, successors, assigns and all persons acting in concert with it are hereby enjoined from any present or future violations of the ADA that include:

(a) denying qualified individuals with disabilities a reasonable accommodation where appropriately requested absent any undue hardship;

(b) denying a qualified individual with a disability medical leave as a reasonable accommodation if it is appropriately requested and UHS-TULANE has not demonstrated that granting the medical leave would be an undue hardship;

(c) discharging qualified individuals with disabilities as a result of unlawful denial of medical leave; and

(d) retaining and/or implementing any medical leave policies which establishes or reiterates a fixed maximum duration for medical leave unless said policy explicitly permits intermittent medical leave and the

granting of leave for a longer term when necessary and appropriately requested to provide reasonable accommodations to qualified individuals with disabilities absent an undue hardship.

**DISABILITY DISCRIMINATION POLICIES AND PROCEDURES**

15. Within thirty (30) days of the effective date of this consent decree, Defendant will notify all employees in its monthly Human Resource Newsletter that they can access UHS-Tulane's written Equal Employment Opportunity ("EEO") policy [Number HR.ER.013- effective January 1, 2015] designed to address any disability discrimination complaints in all aspects of employment on UHS-Tulane's Healthstream System and Tulane's intranet. A copy of this EEO policy shall be posted on line allowing access by all employees both at work and at their respective homes. The availability of this policy will be reiterated during training provided to all management and human resource personnel. UHS-Tulane HR staff shall be accountable to assure all employees know how to access the policy.
16. Within twenty (20) days after the HR Newsletter has been distributed notifying employees of the EEO Policy, Defendant shall provide EEOC's Designated Attorney a certification of compliance with these requirements, and Defendant shall provide a copy of the HR Newsletter and the EEO policy concerning disability discrimination and ADAAA rights which has been posted on-line.
17. Defendant agrees that if it updates its EEO Policy Number during the duration of this decree, Defendant will forward a copy of the revised policy to the EEOC's Designated Attorney and will certify that the revised policy complies with the terms of this decree.

**LEAVES OF ABSENCES AND ATTENDANCE POLICIES**

18. Within thirty (30) days of the entry of this Decree, Defendant will notify all employees in its monthly Human Resources Newsletter that they can access UHS-Tulane University Hospital and Clinic's (TUHC) written policies and procedures clarifying UHS-TUHC's Leave of Absences and Attendance Policies on UHS-Tulane's Healthstream System and Tulane's intranet. Said policy clearly provides an exception to any maximum leave duration provisions under UHS-Tulane's General Medical Leave (GML) when necessary to provide a requested reasonable accommodation for qualified employees with disabilities absent an undue hardship. In addition, as discussed below in training section, Defendant shall issue a jointly approved bulletin/communication to all employees through Defendant's Healthstream System and Tulane's intranet which explains that qualified UHS-Tulane employees may seek extension of General Medical Leave (GML) as a reasonable accommodation, absent undue hardship under the ADA and ADAAA.

19. Defendant shall ensure that all policies concerning medical leaves of absence explicitly and prominently state**:**

    (i) That Defendant will provide a requested accommodation concerning the granting and/or extension of medical leave when it is reasonable for qualified employees with disabilities, absent any undue hardship; and,

    (ii) That any employee who requests and requires additional medical leave for any disabling condition beyond six (6) months of General Medical Leave should make a reasonable accommodation request for such leave in accordance with Defendant's procedures, including but not limited to timely providing medical information to support the requirement.

20. Within twenty (20) days of the distribution of UHS-Tulane's modified Leaves of Absence and Attendance policy, Defendant shall provide EEOC's Designated Attorney a

certification of compliance with these requirements, including a copy of the modified Leave of Absence policy.

21. Defendant agrees it will not revise the Leave of Absence policy to remove this exception allowing qualified UHS-Tulane employees with a disability to seek extended medical leave as an accommodation when reasonably requested and absent undue hardship. If during the duration of this Consent Decree the Leave of Absence policy needs to be revised for other reasons Defendant agrees to notify EEOC and will forward a copy of the revised leave policy to the EEOC's Designated Attorney and will certify that the revised policy complies with the terms of this decree. EEOC will have thirty days from receipt of the revised Leaves of Absence policy to inform Defendant of any concerns with non-compliance with the decree. The parties will work together to amicably resolve any conflicts.

**TRAINING PROVISIONS**

22. The Defendant agrees to conduct training, for the duration of this decree as follows:

a) For the duration of the Consent Decree, Defendant will post a jointly approved communication or bulletin on Defendant's Healthstream System and Tulane's intranet for all employees, particularly non-management employees, informing them that qualified UHS-Tulane employees with a disability may seek extension of General Medical Leave as a reasonable accommodation, absent undue hardship under the ADA and ADAAA. If Defendant's notification system changes during the terms of this Decree, Defendant will notify EEOC of any new notification procedures and will ensure employees continue to receive notification of the Defendant's policies as agreed to in this Decree.

b) Defendant will conduct a one-time, two (2) hour training program for all UHS-Tulane management employees covering the ADA, including the topics outlined below; and

c) Defendant will conduct for the duration of the decree, an annual four (4) hour training program for all UHS-Tulane human resources personnel, concerning its obligation to comply with the provisions of this Consent Decree and the ADAAA, and particularly providing training regarding:

    (i)     the Defendant's duty to accommodate employees under the ADAAA, particularly regarding the requesting and granting persons with a disability with a reasonable accommodation absent an undue hardship;

    (ii)     the identity of the person(s) to whom the employees can make their reasonable accommodation request for an extension of medical leave;

    (iii)     the Defendant's procedures for granting or denying a request for a reasonable accommodation, in particular an extension of medical leave as a reasonable accommodation;

    (iv)     the range of accommodations available in the hospital, including leave as an accommodation;

    (v)     the right to seek leave as an accommodation;

    (vi)     the prohibition of discharging an employee after exhausting leave when qualified employees request additional leave and when leave is a reasonable accommodation and where UHS-TULANE has not established that granting the requested leave would create an undue hardship;

    (vii)     the responsibility of Defendant's staff who are implementing the provisions contained in this decree and in Defendant's policies to respond to any complaints received by an employee regarding denial of an extension of medical leave as a reasonable accommodation; and,

    (viii)     EEOC guidance on ADAAA and its administration.

23. Further, Defendant will provide specific training to all UHS-Tulane supervisors, managers and human resource personnel (particularly those employees responsible for tracking and/or making reasonable accommodation decisions for the hospital) about their

duties and responsibilities in providing reasonable accommodations under the ADAAA, and in adhering to the Defendant's EEO Policy discussed above.

24. The Defendant will post the jointly approved bulletin on UHS-Tulane's Heathstream and Tulane's intranet within thirty days from the entry of the Decree. The initial training program for all supervisors and managers shall be conducted in person within three months of the entry of the Decree and the initial training for all Human Resources personnel shall be conducted in person within four months after the entry of this Decree. Defendant will maintain a video of the in-person training provided to managers and human resource personnel on its on-line Healthstream System. All new management and human resource employees shall receive this training within 90 (ninety) days of hire or promotion to manager as part of their initial orientation by accessing the video through the Healthstream System.

25. The training concerning Defendant's obligations under the ADAAA shall be conducted by qualified outside employment counsel, with at least five (5) years employment law experience, and shall be accompanied by written materials covering the ADAAA topics and ADAAA policies and procedures discussed within this Decree. A training agenda and accompanying materials to be distributed to trainees will be provided to the EEOC at least forty five (45) days prior to the training. The EEOC will have the opportunity to comment and negotiate changes to the agenda until two week(s) before the training is conducted. Further, Defendant will advise the EEOC of the date, time and place of the scheduled training. Each training program and trainer shall be reported to the Commission's Designated Attorney, as discussed below, in accordance with the reporting

requirements of this Decree. Defendant will notify all UHS-Tulane management and Human Resources personnel to attend.

26. Anyone who does not attend the ADAAA and policy training program, as mandated by this Decree, shall be required to make-up the training by viewing a videotape of the entire original training program within two months of the missed program on Defendant's Healthstream System. Further, Defendant will inform all newly hired management or Human Resources employees and all newly promoted management or Human Resources employees to access the applicable training through UHS-Tulane's Healthstream System.

27. Pursuant to Paragraph 26, Defendant will remind all management or Human Resources employees of their training requirements through the UHS-Tulane Healthstream Tracking System.

28. The Defendant shall report to the EEOC's Designated Attorney, the following information regarding the Defendant's ADA/ADAAA training program:

(a) the identity(ties) and resume of the ADA and company policy trainer(s);

(b) all date(s) such training occurred;

(c) the names and positions of everyone who personally attended the training;

(d) With regards to management or Human Resources employees who view a video of the training through UHS-Tulane's Healthstream system, the same information must be provided, indicating the date of completion of the training.

(e) For all live, in person training provided pursuant to this Consent Decree, all attendees must sign to verify their attendance for the entire event and this sign in log must be provided to the Commission along with a legible list of the names of each attendee. A list of the topics covered during all such programs, or in lieu of a topics list, a copy of the program outlines, materials or videotapes that were utilized during the training shall be provided to the Commission.

## RECORDKEEPING PROVISIONS

29. For the duration of this Decree, the Defendant shall maintain a record of UHS-Tulane employees who request an ADA accommodation of extension of general medical leave beyond six-months. Such records shall include:

    (i) each employee's name, address, and phone number;

    (ii) each employee's job title and work location;

    (iii) a description of each employee's disability;

    (iv) the date each employee's leave began and ended;

    (v) information regarding whether each employee returned to work at the hospital;

    (vi) the employee's termination date and reasons for termination (if any);

    (vii) the names of the personnel who handled any decision to terminate the employee;

    (viii) copies of all letters issued to the employees discussing their extended leave request(s) denial(s), and/or termination(s).

30. Upon the EEOC's request, the Defendant shall make all documents or records referred to in Paragraph 29 above, available for inspection within fifteen (15) business days after EEOC so requests, or a reasonable time period if the volume of the request would make compliance with fifteen (15) business days a substantial hardship. In the alternative, at the EEOC's request, the foregoing documentation will be submitted to the EEOC.

## REPORTING PROVISIONS

31. For the duration of this Decree Defendant will submit four (4) semiannual written reports to the EEOC's Designated Senior Trial Attorney, Michelle T. Butler, or her designee. The initial report must be submitted within four (4) months after the entry of this Consent

Decree or not later than December 31, 2015. Subsequent semiannual reports must be submitted every six (6) months thereafter, and shall report events occurring during the relevant preceding six (6) month period. The final report shall be submitted sixty (60) days prior to the date set for the termination of the Decree. In addition to having the records maintained and available for inspection pursuant to Paragraph 29 above, each such report shall certify the Defendant's compliance with this Decree and, in the event of non-compliance, shall note why compliance did not occur, what steps will be taken to assure full compliance and the timetable for anticipated completion of each such step or action.

32. These reports shall provide for the preceding six (6) month period**,** (from documents kept pursuant to Paragraph 29) the following information for each UHS-Tulane employee on General Medical Leave who has requested an accommodation of additional leave beyond six months;

(i) the name, address, phone number, job title, and work area of the employee who has requested extended leave (collectively "contact information");

(ii) a brief description of the status of the employee's medical leave;

(iii) whether the employee was granted additional leave as an accommodation, if so for how long;

(iv) whether the disabled employee was discharged for exhausting all medical leave or for any other reason; and,

(v) the last known contact information in the hospital's records for the employee.

33. During the term of this agreement, in the event the Defendant reports any complaints raised to Human Resources concerning Defendant's alleged failure to grant extended medical leave to any qualified disabled employee who sought extended leave as an

accommodation beyond the maximum allowed under the General Medical Leave policy, the EEOC shall have access, upon advance notice of at least ten (10) days to the Defendant, to any written reports or complaints regarding this failure to accommodate complaint and to any relative investigative documents that are in the control or possession of Defendant and/or its owners, officers, managers, agents, employees, successors, and/or assigns, so that the Commission may examine. The Defendant will maintain such reports and/or complaints for the term of this agreement. At the Commission's option, these reports shall be mailed, faxed or sent to the Commission electronically at the Defendant's expense.

34. The Commission may review Defendant's compliance with this Decree in the event the Commission reasonably believes there is reasonable cause to believe non-compliance exists by: 1) notifying Defendant in writing of the facts supporting the reasonable cause belief of non-compliance and 2) allowing Defendant twenty-five (25) days to respond to the EEOC's written notification and 3) after reviewing the Defendant's response, after fifteen (15) days notice, the Commission may inspect the relevant areas of Defendant's premises relating to the alleged non-compliance, interview employees who have relevant knowledge of the alleged non-compliance and examine and copy documents relevant to the alleged non-compliance.

35. Defendant shall send all reports, certificates, or other materials required under this Decree to the EEOC to Michelle T. Butler, Senior Trial Attorney, or her designee, at the following current physical address, U.S. EEOC, New Orleans Field Office, Hale Boggs Federal Building, 500 Poydras Street, Suite 809, New Orleans, Louisiana 70130 and to her email address: michelle.butler@eeoc.gov.

36. Defendant shall conspicuously post in appropriate places the EEO is the Law Poster for the duration of the decree following the effective date of this Consent Decree.

**DISPUTE RESOLUTION**

37. In the event that the EEOC or UHS-TULANE ("the parties") believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party twenty (20) business days to remedy the alleged non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or otherwise satisfied the complaining party that it has complied within twenty (20) business days, the complaining party may apply to the Court for appropriate relief.

**CONSENT DECREE COMPLIANCE AND ENFORCEMENT**

38. In the event that Defendant UHS-TULANE fails to perform its obligations herein and failed to remedy the non-compliance pursuant to Paragraph 37, Plaintiff EEOC is empowered to enforce this Consent Decree through the applicable judicial enforcement procedures, leaving to the court's discretion what sanctions may be required to enforce this Decree.

39. Should any provision of this Decree be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Decree.

40. This Decree sets forth the entire agreement between the Commission and Defendant UHS-TULANE as to the captioned lawsuit, and fully supersedes any and all prior

agreements or understandings between the Commission and Defendant UHS-TULANE pertaining to the subject matter herein.

41. The Commission and the Defendant UHS-TULANE will bear their own attorney's fees and costs incurred in connection with the litigation of this case.

**CONSENT DECREE DURATION**

42. This Decree shall remain in effect for a period of twenty- four (24) months from the date of its execution. The twenty-four (24) months following the Court's execution and entry of this Decree shall constitute the "Compliance Period." Aside from any earlier compliance application made by the Commission, it shall have two (2) months from the end of the Compliance Period of this Decree, the "Enforcement Period," to commence enforcement actions relative to any purported violation by Defendant.

43. The Court shall retain jurisdiction of this action for purposes of enforcing this Decree, as appropriate, including but not limited to the duration of the Compliance Period, the Enforcement period, and any period during which any enforcement actions under this Decree are pending and/or continuing regarding any breach that has purportedly occurred before or during the term of this Decree.

**IT IS SO ORDERED.**

THUS DONE AND SIGNED, New Orleans, Louisiana, this 14th day of August, 2015.

Sarah Vance

**UNITED STATES DISTRICT JUDGE**

**APPROVED AS TO FORM AND CONTENT**:

**FOR THE PLAINTIFF:**

**P. DAVID LOPEZ**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
**JAMES P. SACHER**
Regional Attorney
La. Bar Roll No. 14888
Email: james.sacher@eeoc.gov
**GREGORY T. JUGE**
Supervisory Trial Attorney (Acting)
LA. Bar Roll No. 20890
Email: gregory.juge@eeoc.gov
**KATHY D. BOUTCHEE**
Senior Trial Attorney
No LA Bar Roll Assigned
Texas Bar Roll Number 02717500
Email: kathy.boutchee@eeoc.gov

*/s/Michelle T. Butler*
**MICHELLE T. BUTLER**
Senior Trial Attorney
**La. Bar Roll No. 1286**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street - Suite 809
New Orleans, Louisiana 70130
Telephone: (713) 651-4963 (Sacher)
(504) 595-2877 (Juge)
(713) 651-4913 (Boutchee)
(504) 595-2872 (Butler) (T.A.)
Facsimile: (504) 595-2886
Email: michelle.butler@eeoc.gov
**COUNSEL FOR PLAINTIFF-EEOC**

**FOR THE DEFENDANT**
**UNIVERSITY HEALTHCARE SYSTEMS, L.C.**
**d/b/a TULANE**
**UNIVERSITY HOSPITAL**
**AND CLINIC (TUHC)**

*/s/Leslie Ehret*
**LESLIE EHRET**
La. Bar Roll No. 18494
Email: lehret@frilot.com
**RENEE CULOTTA**
La. Bar Roll No.24436
Email: rculotta@frilot.com
**MARY E. JEANFREAU**
La. Bar Roll No.35183
Email: ljeanfreau@frilot.com
**FRILOT, LLC**
1100 Poydras St., Suite 3700
New Orleans, La 70163
Telephone: (504)599-8000
Fax: (504)599-8100
**COUNSEL FOR DEFENDANT**
**UNIVERSITY HEALTHCARE SYSTEMS, L.C.**
**d/b/a TULANE UNIVERSITY**
**HOSPITAL AND CLINIC**